**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES LEE SONS, individually and
on behalf of the wrongful death beneficiaries
of JAMES ALLEN PARKS SONS, deceased;**                                     **Plaintiffs**

**v.**                          **CIVIL ACTION NO. 3:16CV181-MPM-RP**

**BENTON COUNTY, MISSISSIPPI;
A. A. "ARNIE" MCMULLEN, in his individual capacity
and his official capacity as Sheriff of Benton County,
Mississippi; DEPUTY JOE BATTS, individually;
DEPUTY JOHNNY STANTON, individually;
and JOHN DOES 1-10**                                                        **Defendants**

## RESPONSE IN OPPOSITION TO PLAINTIFF'S OUT OF TIME MOTION TO EXTEND SCHEDULING DEADLINES

COME NOW the Defendants and respond in opposition to the Plaintiffs' motion to extend the case management order deadlines in this case, and in support would state as follows:

1. The Plaintiffs failed to designate their expert witnesses by the deadline of February 1, 2017.

2. Approximately two weeks after the expiration of this deadline, the Plaintiffs filed this motion to extend all case management order deadlines at least sixty (60) days.

3. The Defendants object to this request on the grounds that it would extend the discovery deadline in this case to July 1, 2017 and the motion deadline to July 16, 2017. Since trial is set for October 16, 2017, this would violate the Court's policy of requiring at least four (4) months between the motion deadline and trial.

4. For this reason, a sixty (60) day extension of the case management order deadlines would require a continuance of the trial date. The Defendants do not want a

continuance of the trial date. A continuance would prejudice the Defendants because the only discovery currently remaining in this case are the depositions of the mother and step-father of the deceased. Once these depositions are concluded, the Defendants anticipate proceeding with the filing of dispositive motions before the motion deadline and beginning preparations for trial. A continuance would unnecessarily delay the Defendants from having their day in court. Furthermore, "[a] continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990).

5. While the Defendants have no way of disputing the Plaintiffs' explanation that their failure to timely designate expert witnesses was a result of case management software error, the Defendants do dispute that the Plaintiffs' unnamed jail expert lacked sufficient information to complete his or her expert report on time. The depositions of all jailors, administrators, and trustys who have information concerning the death of James Allen Parks Sons were conducted the first week of December 2016, and the transcripts were available on December 28, 2016. The Defendants provided the Plaintiff the video of the suicide as part of their initial disclosures. The Plaintiff also did a detailed jail inspection the first week of December 2016. The remaining depositions to be taken are not germane to the opinion of a jail expert, as these depositions are of Sons' mother and step father who live outside the state of Mississippi and have no information concerning jail practices. For these reasons, the Plaintiffs' jail expert had more than enough time to complete his or her expert report. Clearly, the only explanation for the Plaintiffs' failure to timely designate expert witnesses is the software issue, as opposed to the status of the discovery process.

6. Furthermore, the Plaintiffs' explanation for failing to designate its jail expert in time does not outweigh the prejudice that the Defendants would suffer if the trial were continued. This is true because a jail expert is not critical to the Plaintiffs' case. For example, a jail expert in a Section 1983, jail death case is not allowed to testify regarding the reasonableness of a jailor's conduct. This is why expert testimony in Section 1983 cases is not sufficient to create genuine issues of fact sufficient to survive summary judgment. *See e.g.* Forgan v. Howard County, * 32, Civil Action No. 1:04-CV-233-C (N.D. Tex. 2005). Clearly, the Plaintiffs' case will not rise and fall on the testimony of a jail expert.

7. The Plaintiffs' motion to extend all case management order deadlines should also be denied because it is overbroad. In their Motion, the Plaintiffs make clear that the expert they intend to designate is an unnamed jail/police policy and procedures expert that Plaintiffs' counsel retained on November 18, 2016. The Plaintiffs state that this type of witness is important because the jury needs help understanding "technical and specialized knowledge of jail operations and suicide watch/safety protocol procedures." However, the Plaintiff seeks a general extension of time to designate "experts" as opposed to a specific request to designate their unnamed "jail policy" expert. The Plaintiffs provides no basis or explanation as to why they should be allowed to designate any other type of expert. To the extent this Court decides to allow the Plaintiffs additional time to a designate an expert, the Plaintiffs should be limited to designating the jail expert referenced in the pending motion.

8. Pursuant to the Local Rules, "[a] party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that

3

evidence at trial." L.U. Civ. R. 26(a)(2). The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 790 (5th Cir. 1990). Given the discretion afforded the trial court, the prejudice to the Defendant that would result from a trial continuance, the lack of necessity of a jail expert, and the overly broad nature of the extension request, the Plaintiffs' motion should be denied.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants respectfully request that the Plaintiffs' Out of Time Motion to Extend Scheduling Deadlines be denied. The Defendants request any other relief that they may be entitled to under the premises.

Respectfully submitted, this the 21st day of February, 2017.

> CLAYTON O'DONNELL, PLLC
> 1300 Access Road, Suite 200
> P.O. Drawer 676
> Oxford, MS  38655
> Telephone:  (662) 234-0900
>
> *s/ S. Ray Hill, III*
> **S. RAY HILL, III, MSB# 100088**
> rhill@claytonodonnell.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2017, I filed the foregoing using the Court's ECF system, which sent notice of the filing to all counsel of record.

          *s/ S. Ray Hill, III*
          **S. RAY HILL, III, MSB# 100088**

5