**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES LEE SONS, individually, and on
behalf of the wrongful death beneficiaries
of JAMES ALLEN PARKS SONS, deceased**                          **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:16 –CV-181-MPM-RP**

**BENTON COUNTY, MISSISSIPPI, ET AL.**                        **DEFENDANTS**

**RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE THE TESTIMONY AND
OPINIONS OF DEFENSE EXPERT JEFF EISER**

**1.**

The Plaintiff is seeking to exclude certain opinions of Defendants' expert, Jeff Eiser ("Eiser"). While the Plaintiff does not take issue with Eiser's qualifications, or his opinions related to the policies and practices of the jail, or his opinions regarding the applicable standard of care, the Plaintiff does seek to limit Eiser from testifying about what the Defendants "knew or did not know" regarding Jimmy Sons' risk of suicide and whether the Defendants acted with the requisite deliberate indifference necessary to establish a constitutional violation. The Plaintiff also seeks to exclude Eiser from testifying that Jimmy Sons received an adequate medical and mental health screening at the jail based on alleged lack of relevance.

**2.**

The Defendants agree that an expert witness is not allowed to testify about what is in a person's mind. The Defendants also agree that the expert witnesses in this case should not be allowed to testify about what may or may not constitute deliberate indifference, since that is clearly an issue for the fact finder. However, Eiser should be allowed to comment on the evidence itself in order to assist the fact finder in making a determination regarding the ultimate

issues in this case. In other words, he should be allowed to place the actions of the Defendants in context.

**3.**

For example, he should be allowed to testify, based on his experience and specialized knowledge, whether it was appropriate to monitor Jimmy Sons by video surveillance. He should be allowed to testify whether the policy and practices of the Benton County Jail related to the detainment of mental commitments was appropriate. He should be allowed to testify whether the actions of the Defendants were appropriate based on the standards applicable to their profession.

4.

As for Eiser's opinions regarding the initial medical and health assessment screening, the Defendants are glad that the Plaintiff does not take issue with the actions of the Defendants. However, Eiser's testimony regarding the appropriateness of the initial medical and health assessment is directly relevant to the issue of whether the monitoring of Jimmy Sons was appropriate because it will assist the trier of fact in determining whether the actions of the Defendants rise to the level of deliberate indifference. The adherence to acceptable practices at the outset of Jimmy Sons' detention is crucial because it shows that the Defendants were concerned about the well-being of mental commitments and took steps to make sure that Jimmy had access to the appropriate mental health care he needed and was appropriately classified as a mental commitment.

5.

Based on the straight forward nature of this response, the Defendants respectfully request that they be relieved of the requirement of filing a supporting memorandum brief.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants request that the Court deny the Plaintiff's Motion to Exclude the Testimony and Opinions of Defense Expert Jeff Eiser. The Defendants pray for any other relief they may be entitled to under the law.

Respectfully submitted, this the 16th day of June, 2017.

                                    CLAYTON O'DONNELL, PLLC
                                    1300 Access Road, Suite 200
                                    P.O. Drawer 676
                                    Oxford, MS  38655
                                    Telephone:  (662) 234-0900
                                    Facsimile:  (662) 234-3557

                                    *s/ S. Ray Hill, III*
                                    **S. RAY HILL, III, MSB# 100088**
                                    rhill@claytonodonnell.com

**CERTIFICATE OF SERVICE**

I, S. Ray Hill, III, hereby certify that on June 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record

*s/ S. Ray Hill, III*
**S. RAY HILL, III, MSB# 100088**