**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES LEE SONS, individually, and on
behalf of the wrongful death beneficiaries
of JAMES ALLEN PARKS SONS, deceased**                                **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO. 3:16 –CV-181-MPM-RP**

**BENTON COUNTY, MISSISSIPPI, ET AL.**                           **DEFENDANTS**

## **FIRST MOTION IN LIMINE**

      Come Now the Defendants and move to exclude any testimony, discussion, physical evidence, or questions at trial concerning the fact that Defendant, Sheriff Arnie McMullen, did not watch the video of the decedent's suicide in the weeks and months following the death, and in support would state as follows:

1.

      On page twenty –four (24) of the Plaintiff's "Memorandum in Support of his Response to Defendant's Motion for Summary Judgment," the Plaintiff states:

> One of the more bewildering revelations from McMullen's deposition is that he still had not watched the video from inside the cell as of the date of his deposition, nor had he watched any other video from inside the jail to gather facts on what had happened.

2.

      Any testimony or discussion concerning the alleged failure of Defendant McMullen to review the video of the decedent's death after the fact is not relevant to the issue of whether McMullen was deliberately indifferent to the needs of the decedent while he was alive. It is also not relevant to whether or not Sheriff McMullen was deliberately indifferent when implementing the policy related to the monitoring of mental commitments before the decedent's suicide. Only

evidence about what Defendant McMullen did or failed to do, or what he knew or did not know, "pre-suicide" is relevant to this case. Consequently, any such evidence about viewing the video tape "post-suicide" should be excluded pursuant to *Federal Rules of Evidence* 401 and 402.

3.

Even if there were some slight probative value to this evidence, the evidence should still be excluded because it is confusing and prejudicial. It suggests that McMullen had some duty to investigate the suicide and that he is somehow uncaring. It is undisputed, however, that Defendant McMullen, just like every Sheriff in Mississippi, had his staff immediately notify the Mississippi Bureau of Investigation ("MBI") once he learned that a death had occurred at the jail. The MBI took the lead on the investigation and obtained the evidence related to the suicide. Suggesting that McMullen's actions constitute some sort of "bewildering revelation," would unfairly punish McMullen for simply doing his job in the aftermath of the decedent's suicide. As such, the evidence should be excluded pursuant to *Federal Rule of Evidence* 403.

4.

Given the straightforward nature of this motion, the Defendants respectfully request that they be relieved of the requirement of filing a supporting memorandum brief.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants urge the Court to prohibit any testimony, discussion, physical evidence, or questions at trial concerning the alleged failure of Defendant McMullen to view the video of the decedent's suicide after the fact.

Respectfully submitted, this the 31st day of August, 2017.

    CLAYTON O'DONNELL, PLLC
    1300 Access Road, Suite 200
    P.O. Drawer 676
    Oxford, MS  38655
    Telephone:  (662) 234-0900

        Facsimile: (662) 234-3557

        *s/ S. Ray Hill, III*
        **S. RAY HILL, III, MSB# 100088**
        rhill@claytonodonnell.com

## **CERTIFICATE OF SERVICE**

I, S. Ray Hill, III, hereby certify that on August 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

        *s/ S. Ray Hill, III*
        **S. RAY HILL, III, MSB# 100088**